IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 21-30E |
| SEAN HVIZDZAK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Defendant Sean Hvizdzak is charged along with Co-Defendant Shane Hvizdzak in a 65-count Indictment with the following: conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, for conduct occurring from in and around March 2019 and continuing until in and around July 2021; wire fraud, in violation of 18 U.S.C. § 1343, for conduct occurring on various dates from on or about October 24, 2019 through June 11, 2020; and money laundering, in violation of 18 U.S.C. § 1957, for conduct occurring on various dates from on or about November 12, 2019 through May 18, 2020. (Docket No. 1). As relevant here, Sean Hvizdzak is charged with one count of conspiracy to commit wire fraud (Count 1), twenty-six counts of wire fraud (Counts 5-7, 9-12, 22, 23, 25-32, 38 and 41-48), and four counts of money laundering (Counts 54, 55, 58 and 59). (*See id.*).

Presently before the Court is Defendant's Motion for a Bill of Particulars, in which he requests that the Government specify (1) if he personally engaged in the alleged conduct encompassed by each of ¶¶ 24, 27, 28, 29, 30, 31, 34, 35, 36, 37, 41, 42, and 45 of the Indictment and, if he did, (2) provide the specifics for his conduct that is encompassed by each of those paragraphs, such as date, time, other participants, and substance of any representations or transactions. (Docket No. 50 at 1, 10). Defendant points out that each of the referenced paragraphs

1

pleads in both the conjunctive ("and") and the disjunctive ("or") that "SHANE HVIZDZAK and/or SEAN HVIZDZAK" did something as part of the charged conspiracy in Count One of the Indictment, thus (1) he is unable to determine if the Government is alleging and intends to prove that he personally engaged in the conduct at issue in those paragraphs, and (2) if he did, he is unable to determine what statements are considered misrepresentations and the details of any alleged misrepresentations. (*Id.* at 1-2). Consequently, Defendant maintains that he needs the particulars of this information to properly understand the scope of the Government's charges against him, to fully understand the conduct he is alleged to have engaged in, and to properly prepare his defense to the charges. (*Id.* at 2).

The Government opposes Defendant's Motion and responds that "the lengthy, speaking indictment . . . provides [him] with more than sufficient requisite information." (Docket No. 56 at 2). The Government contends that Defendant's ability to prepare his defense has not been significantly impaired, nor is prejudicial surprise likely. (*Id.*). Rather, "the indictment and copious discovery provide significant detail about the factual underpinnings of the prosecution's case again [Defendant] and his brother." (*Id.*).

Before analyzing whether a bill or particulars is warranted, the Court initially observes that the Indictment in this case comports with the requirements of the Federal Rules of Criminal Procedure and case law construing same. Pursuant to Rule 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314,

321 (3d Cir. 2007) (citation omitted). "Usually, a recitation of the statutory language satisfies the first requirement, 'so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy.'" *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)). "And typically, a factual orientation that includes a specification of the time period of the alleged offense is sufficient for the second and third requirements." *Id.* (citing *Huet*, 665 F.3d at 595).

In this Court's estimation, each count of the Indictment satisfies the requirements of Rule 7(c)(1) and is sufficiently pled in accordance with controlling Third Circuit authority discussed above. Each count informs Defendant of the statutory section he is charged with violating, sufficiently sets forth the elements of the charged offense, and specifies the time frame of the alleged criminal conduct. Although "detailed allegations" are unnecessary, *see Huet*, 665 F.3d at 594, the "Manner and Means of the Conspiracy" section of the Indictment provides Defendant with additional background and factual orientation relative to the wire fraud conspiracy charge against him. (*See* Docket No. 1, ¶¶ 22-46). The Indictment also charges numerous substantive counts of wire fraud and money laundering which provide further details about Defendant's alleged conduct.[1]

Turning to Defendant's request in his pending Motion, a bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (citation omitted). The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for

---

[1] For instance, each substantive wire fraud count lists the Defendant(s) involved, the date of the alleged conduct, the sender of the wire communication, the receiver of same, and the nature of the wire communication, and each substantive money laundering count specifies the Defendant(s) involved, the date of the alleged conduct, and the nature and amount of the monetary transaction. *(See* Docket No. 1 at 9-23).

3

an inadequately described offense." *Id.* (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971)).  The granting of a bill of particulars is within the discretion of the district court. *See* Fed. R. Crim. P. 7(f) ("The court **may** direct the government to file a bill of particulars.") (emphasis added); *United States v. Adams*, 759 F.2d 1099, 1113 (3d Cir. 1985).

A bill of particulars, unlike discovery, is not intended to provide a defendant with the fruits of the Government's investigation, but rather to give the defendant only that minimum amount of information necessary to allow him to conduct his own investigation. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985); *Addonizio*, 451 F.2d at 64 (acknowledging that the government is not required at the pre-trial stage to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants").  Here, the Indictment sufficiently provides the particulars of the offenses to place Defendant on notice of that with which he has been charged and to permit him to conduct his own investigation.  Defendant's request for the more specific "when, where and how" of the charges against him is tantamount to a request for broad discovery of the Government's evidence which is not the proper purpose of a bill of particulars.  *See United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975); *United States v. Litman*, 547 F. Supp. 645, 654 (W.D. Pa. 1982) ("It is not necessary for the Government to disclose in a bill of particulars the precise details of the roles the defendant and his coconspirators allegedly played in forming and executing a conspiracy. . . .").

Moreover, in assessing the necessity of a bill of particulars, the Court also considers any information conveyed to a defendant beyond the allegations of the indictment, and notes that "access to discovery further weakens the case for a bill of particulars." *Urban*, 404 F.3d at 772; *see also United States v. Barnes*, 2:17-cr-00171, 2021 WL 6051561, at *18 (W.D. Pa. Dec. 20, 2021) (In ruling on a motion for a bill of particulars, "the Court considers the indictment itself, as

4

well as 'all of the information that has been made available to the defendant[ ]' during the course of the case.") (quoting *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983)).  Here, the Government's Response indicates that it has provided "voluminous discovery to the defense comprising seven separate extensive disclosures from August 24, 2021 to January 5, 2022." (Docket No. 56 at 2).  The Government's Response further indicates that it "intends to prove that Sean Hvizdzak personally engaged in the conduct set forth in the Indictment at each of the following paragraphs referenced in his motion: 24, 27, 28, 30, 34, 35, 36, 37, 41, 42, and 45." (*Id.* at 6).  Given the Indictment itself, the discovery provided to Defendant and the additional information contained in the Government's Response, the record at this stage of the proceedings indicates that Defendant has been sufficiently apprised of the particulars of the charges against him to permit him to prepare for trial.  *See Urban*, 404 F.3d at 772 (denying bill of particulars where indictment provided more than enough information to prepare effective defense strategy and the defendant had access through discovery to evidence relied upon by the Government).  Accordingly, the Court declines to exercise its discretion to direct the Government to file a bill of particulars in this case.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 1st day of February, 2022, IT IS HEREBY ORDERED that Defendant's Motion for a Bill of Particulars (Docket No. 50) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record